OPINION
{¶ 1} Appellant Todd A. Berry appeals a judgment of the Coshocton County Common Pleas Court convicting him of eight counts of burglary (R.C. 2911.12)(A)(3)) upon a plea of guilty:
 {¶ 2} "The trial court erred and abused its discretion or trial counsel was ineffective in not allowing defendant-appellant to have access to the presentence report.
 {¶ 3} "The trial court erred and abused its discretion in failing to make the required findings necessary for the imposition of consecutive sentences pursuant to Section 2929.14(E)(4), Ohio Revised Code.
 {¶ 4} "The trial court erred and abused its discretion when it required defendant-appellant to pay restitution in the amount of $11,082.50 and costs of prosecution without inquiry as to defendant-appellant's ability to pay."
 {¶ 5} On January 23, 2001, appellant was indicted on fourteen counts of theft and burglary by the Coshocton County Grand Jury. On March 12, 2001, appellant entered a plea of guilty to eight counts of the indictment. Following entry of the guilty plea, the court ordered a pre-sentence investigation.
 {¶ 6} On April 30, 2001, following completion of the pre-sentence investigation, the court held a sentencing hearing. At the hearing, the court discussed the effects of the crimes on the victims, prior attempts to reach out to appellant through the Juvenile Justice and the Municipal Court system, and the court's opinion that appellant presented a high likelihood of recidivism. The court gave appellant and his attorney time to offer evidence in mitigation. Counsel for appellant made the court aware of several mitigating factors, including appellant's remorse, and his cooperation with the investigators regarding his confession. Appellant addressed the court regarding his family, his remorse for his crimes, and his religious conversion.
 {¶ 7} On May 4, 2001, the court filed its judgment entry on sentencing. The court sentenced appellant to a definite term of one year incarceration each on counts one, three, seven, nine, eleven, twelve, and thirteen. The court sentenced appellant to two years incarceration on count five of the indictment. The sentences for counts one, three, five, seven, and twelve were to be served consecutively. The sentences for counts nine, eleven, and thirteen were to be served concurrently with each other, and concurrently to the sentences on the remaining counts. The court found pursuant to R.C. 2929.14(E)(4) that consecutive sentences were necessary to protect the public from future crime, and that the sentences were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. The court further found that the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of appellant's conduct.
 {¶ 8} Appellant did not file an appeal from the judgment of sentence. Rather, on September 5, 2001, appellant filed a pro se motion for correction of sentence and reconsideration. The court overruled the motion on October 11, 2001.
 {¶ 9} On December 3, 2001, appellant filed a motion for delayed appeal of the May 4, 2001, sentencing judgment. This court granted the motion for delayed appeal on January 10, 2002. This case is presently before this court on delayed appeal from the judgment of sentence entered May 4, 2001.
 I {¶ 10} Appellant first argues that the court erred in failing to give him access to the presentence investigation report.
 {¶ 11} This issue was raised by appellant for the first time in his motion for reconsideration, filed after the judgment which is the subject of the instant appeal. At the sentencing hearing, appellant did not argue that he was not given access to the presentence investigation report. In fact, counsel for appellant stated on the record that he believed the presentence investigation reflected that appellant was remorseful for the actions he took in this case. Tr. 3. There is nothing in the record to support appellant's claim that he did not have access to the presentence investigation report.
 {¶ 12} The first assignment of error is overruled.
 II {¶ 13} Appellant argues that the court failed to make the required findings pursuant to R.C. 2929.14(E)(4) before imposing consecutive sentences.
 {¶ 14} Upon reviewing a sentence, we may increase, reduce, or otherwise modify a sentence only if we find by clear and convincing evidence that the record does not support the sentence, or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).
 {¶ 15} To impose consecutive terms, the trial court must comply with R.C. 2929.14.(E)(4). The court must find that consecutive service is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. Id. Further, the court must find that the offender committed the multiple offenses while the offender was awaiting trial or sentencing, or was under post-release control for a prior offense; the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct; or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id.
 {¶ 16} In the instant case, the court made the requisite findings in the sentencing entry that consecutive sentences are necessary to protect the public from future crime, and are not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. The court also found that the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of appellant's conduct.
 {¶ 17} During the sentencing hearing, the court stated on the record that statements from the victims expressed their sense of fear, disruption, and loss, as a result of having their homes violated by appellant. Tr. 12. The court further found that appellant's criminal history began at age sixteen, and continued unabated to the present time. Tr. 14. The court noted that at the age of twenty-two, appellant had a substantial criminal history, including juvenile adjudications for receiving stolen property, multiple offenses of breaking and entering, theft, safe cracking, and criminal damaging. Tr. 5. The court noted that appellant brought to the sentencing hearing an adult record of convictions for assault, theft, and possession of a controlled substance. Id. The court noted that a prior period of probation supervision through the Coshocton Municipal Court was revoked for non-compliance, and fines and costs were still outstanding on that matter. Tr. 6.
 {¶ 18} The record supports the court's findings that consecutive sentences were appropriate in the instant case.
 {¶ 19} The second assignment of error is overruled.
 III {¶ 20} Appellant argues that the court erred in ordering him to pay restitution, without inquiring as to his ability to pay.
 {¶ 21} R.C. 2929.18(A)(1) provides that a court imposing a sentence upon an offender for a felony may impose a financial sanction, including restitution. Subsection (E) states that a court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether he is able to pay the sanction, or is likely in the future to be able to pay it. This court has previously held the statute does not include mandatory language which requires the trial court to hold a hearing. State v. Schnuck (September 25, 2000), Tuscarawas Appellate No. 2000AP020016. Like the appellant in Schnuck, appellant never requested a hearing on his ability to pay. There is no affidavit of indigency or other indication in the record before the court at the time of the sentencing hearing to indicate to the court that appellant may be unable to pay. Further, in Schnuck, supra, this court held that imposition of a restitution order is not a final appealable order until a hearing is held to enforce payment.
 {¶ 22} The third assignment of error is overruled.
 {¶ 23} The judgment of the Coshocton County Common Pleas Court is affirmed.
 {¶ 24} By Gwin, J., and Wise, J., concur.
Hoffman, P.J., concurs separately.
Consecutive sentencing — PSI restitution.